IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE, INDIANA

| | |
|---|---|
| ANGELA MANNING | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:21-cv-00360-HAB-SLC |
| | ) |
| IOM HEALTH SYSTEM, L.P. | ) |
| | ) |
| Defendant, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on June 24, 2021.

**PARTIES**

3. Plaintiff is an African-American female and at all relevant times she resided in the Northern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Northern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in April of 2019.

6. Plaintiff performed her job well.

7. In April of 2020, Plaintiff was told by her supervisor that she would be promoted to the position of Network Manager/ Supply Chain Analytics.

8. Plaintiff was one of the only African American employees.

9. Plaintiff began performing the duties of the Network Manager/ Supply Chain Analytics.

10. On month later, Plaintiff was informed by her manager that they chose to go with a different candidate because of her qualifications.

11. Following the incident, Plaintiff complained to her supervisor and Defendant's internal HR.

12. On June 16, 2020, Plaintiff then also complained to Metro, Defendant's third-party HR.

13. Plaintiff was then told she would be placed in the Supply Chain Analyst position, which did not compensate her for her education and experience.

14. A similarly-situated Caucasian employee with less experience and education who did not meet the qualifications of the job was then promoted to the position.

15. Plaintiff was not promoted due to her race.

16. Defendant retaliated against Plaintiff for engaging in protected activity.

## COUNT I

17. Plaintiff incorporates by reference paragraphs 1 -16.

18. Defendant, as a result of retaliating against Plaintiff for engaging in protected activity, violated 42 U.S.C. § 1981.

## COUNT II

19. Plaintiff incorporates by reference paragraphs 1 - 16.

20. Defendant, as a result of retaliating against Plaintiff for engaging in protected activity, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT III

21. Plaintiff incorporates by reference paragraphs 1 - 16.

22. Defendant, as a result of failing to promote Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT IV

23. Plaintiff incorporates by reference paragraphs 1 - 16.

24. Defendant, as a result of as a result of failing to promote Plaintiff due to her race, violated 42 U.S.C. § 1981.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff her cost in this action and reasonable attorney fees;

E.  Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Sarah E. Larimer
Sarah E. Larimer  36230-29
Attorney for Plaintiff

### REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

s//Sarah E. Larimer
Sarah E. Larimer 36230-29
Attorney for Plaintiff

Sarah E. Larimer 36230-29
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416